21118, 21119.  HAYDEN *v.* LINDSAY & MORGAN CO.; and *vice versa.*

STEPHENS, J.  1. This being a suit for damage alleged to have been sustained by the plaintiff as a result of her automobile being forced off the highway by reason of the fact that an approaching automobile-truck belonging to the defendant veered to its left and thereby failed to give the plaintiff sufficient room in which to pass upon her right, and the plaintiff not having alleged that the defendant was negligent in approaching an intersecting road at a speed prohibited by law, but having alleged that the defendant was negligent only in running at a rate of speed approximating 40 miles an hour through a populous locality while meeting the plaintiff's automobile on the road, and at a rate of speed greater than was reasonable and safe with respect to the width, character, traffic and common use of the highway, and was also negligent in not turning to the right of the center of the highway when approaching the plaintiff and in veering towards the left of the road and forcing the plaintiff off the pavement, it was not error for the court, when charging the jury as to the plaintiff's negligence upon approaching the intersecting highway at a rate of speed in excess of that permitted by law, to fail to instruct the jury that the defendant was guilty of negligence if he approached the intersecting highway at a rate of speed in excess of that permitted by law, or that the defendant was guilty of any negligence other that that alleged in the petition.

2. Although the court, in the charge to the jury, several times instructed them as to what would constitute negligence in the plaintiff, and under what conditions the plaintiff would be barred from a recovery, and the charge in this respect contained repetitions of the same matter, and although the court may not have as elaborately instructed the jury as to what would constitute negligence on the part of the defendant or under what conditions a recovery by the plaintiff would be authorized, the charge was, as respects the plaintiff, a fair interpretation of the law as applied to the evidence and the contentions made in the pleadings, and is not subject to any objection made in the plaintiff's motion for a new trial, and is particularly not subject to the objection that it unduly and unfairly to the plaintiff stressed and emphasized the conditions upon which the plaintiff would be barred from a recovery, or that it was argumentative, or that it contained expressions of opinion upon the facts.

3. The evidence authorized the inference that the plaintiff was traveling at an illegal and negligent rate of speed under the circumstances, and that this was the proximate cause of her injuries, and that the truck, which it is alleged forced the plaintiff's automobile off the pavement,

856

did not belong to the defendant, the verdict for the defendant was authorized.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed.*
*Jenkins, P. J., and Bell, J., concur.*

DECIDED OCTOBER 1, 1931.

*Oliver & Oliver,* for plaintiff.
*Abrahams, Bouhan, Atkinson & Lawrence,* for defendant.